EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

EDRIC M. CHING #6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-Mail: Edric.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 14 2007

at 4 o'clock and 23 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TWENTY-FOUR THOUSAND THREE HUNDRED EIGHTY DOLLARS ($24,380.00) IN UNITED STATES CURRENCY, FIVE THOUSAND FIVE HUNDRED DOLLARS ($5,500.00) IN UNITED STATES CURRENCY AND FOUR THOUSAND EIGHT HUNDRED FIVE DOLLARS ($4,805.00) IN UNITED STATES CURRENCY AND A LIGHT BLUE 1998 FORD EXPEDITION, BEARING HAWAII DRIVER'S LICENSE PLATE NUMBER HYS097 AND VEHICLE IDENTIFICATION NUMBER 1FMPU18L6WLC40440,<br><br>　　　　Defendants.<br><br>LAILA VICTORINO; JOSE M. MEJIA; AND JOSE PRIETO,<br><br>　　　　Claimants. | CIVIL NO. 04-00227 HG LEK<br><br>STIPULATION FOR COMPROMISE SETTLEMENT RE:  CLAIMS OF JOSE PRIETO AND JOSE MEJIA; EXHIBIT "A"; ORDER |

STIPULATION FOR COMPROMISE SETTLEMENT
RE: CLAIMS OF JOSE PRIETO AND JOSE MEJIA

IT IS HEREBY STIPULATED by and between Plaintiff UNITED STATES OF AMERICA and Claimants JOSE PRIETO ("PRIETO") and JOSE MEJIA ("MEJIA") that their claims to the above-captioned Defendant TWENTY FOUR THOUSAND THREE HUNDRED EIGHTY DOLLARS ($24,380.00) in United States Currency, Defendant FIVE THOUSAND FIVE HUNDRED DOLLARS ($5,500.00) in United States Currency, Defendant FOUR THOUSAND EIGHT HUNDRED FIVE DOLLARS ($4,805.00) in United States Currency (collectively "defendant currency") and Defendant light blue 1998 FORD EXPEDITION, bearing Hawaii driver's license plate number HYS097 and vehicle identification number 1FMPU18L6WLC40440 ("defendant vehicle") in United States currency be settled and compromised in accordance with the following terms:

RECITALS

1. On March 9, 2004, the United States filed a Complaint for Forfeiture against the defendant currency and the defendant vehicle.

2. The defendant currency was seized by the Drug Enforcement Administration ("DEA") agents on October 25, 2003 and October 26, 2003. The defendant vehicle was seized by DEA agents on October 25, 2003.

3. On April 15, 2004, a notice letter and a copy of the Complaint for Forfeiture; Verification of Jesse Fourmy; Warrant of Arrest In Rem was served upon PRIETO at the Honolulu Federal Detention Center. The return receipt indicated that

2

these documents were received at the Honolulu Detention Center on April 16, 2006.

4. On April 15, 2004, a notice letter and a copy of the Complaint for Forfeiture; Verification of Jesse Fourmy; Warrant of Arrest In Rem was served upon Prieto, through his attorney, William Fenton Sink, via certified mail, return receipt requested. The return receipt indicated that the documents were received on April 16, 2004.

5. On April 15, 2004, a notice letter and a copy of the Complaint for Forfeiture; Verification of Jesse Fourmy; Warrant of Arrest In Rem was served upon Jose Mejia ("Mejia") at the Honolulu Federal Detention Center. The return receipt indicated that these documents were received at the Honolulu Detention Center on April 16, 2004.

6. On April 15, 2004, a notice letter and a copy of the Complaint for Forfeiture; Verification of Jesse Fourmy; Warrant of Arrest In Rem was served upon Prieto, through his attorney, David Klein, via certified mail, return receipt requested. The return receipt indicated that the documents were received on April 16, 2004.

7. The Notice of Arrest was published in the Honolulu Star-Bulletin on May 17, 2004, May 24, 2004 and May 31, 2004.

8. PRIETO filed a Answer on May 6, 2004, and a Claim on May 20, 2004.

9. MEJIA filed a Verified Claim on May 13, 2004.

3

10. Leila Victorino ("Victorino") filed an Answer on May 6, 2004 but did not file a claim.

11. In accordance with 18 U.S.C. § 983 and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the last day for filing claims was within 30 days of service of the complaint, with answers due within 20 days of filing a claim.

12. No claims or answers, other than the claim and answer filed by Prieto, the claim filed by Mejia and the answer filed by Victorino were received or filed, and on June 22, 2007, default was entered against all persons and entities claiming any interest in the above-captioned defendant property, except for PRIETO, MEJIA and Victorino.

13. On June 27, 2007, Magistrate Judge Leslie E. Kobayashi, in her Findings and Recommendation To Dismiss Claim Of Leila Victorino ("Finding and Recommendation"), recommended that Victorino's claim be dismissed because Victorino failed to properly respond to the Complaint.

14. On August 30, 2007, Judge Helen Gillmor issued the Order Adopting Magistrate's Findings and Recommendation which adopted the Finding and Recommendation that dismissed Victorino's claim.

15. In light of the foregoing recitals, and to avoid the cost, delay and uncertainty inherent in litigating this civil forfeiture action, the parties agree to settle and resolve their

claims regarding the defendant currency and defendant vehicle as set out in this Stipulation.

TERMS AND CONDITIONS OF SETTLEMENT

16. <u>Reasonable Cause</u>. PRIETO and MEJIA agree that there was reasonable cause for the seizure and arrest of the defendant currency.

17. <u>Settlement</u>.

(a) PRIETO and MEJIA respectively agree to forfeit to the United States all of his respective right, title and interest in and to the defendant currency pursuant to 21 U.S.C. § 881(a)(6) and the defendant vehicle pursuant to 21 U.S.C. §§ 881(a)(4) and (6).

(b) The defendant currency and the defendant vehicle are hereby forfeited to the United States and the United States Marshals Service is authorized to distribute the defendant currency as follows:

   (1) ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) shall be returned to PRIETO within thirty (30) days from the date that a Final Judgment and Decree of Forfeiture is entered by the Court;

   (2) ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) shall be returned to MEJIA within thirty (30) days from the date that a Final Judgment and Decree of Forfeiture is entered by the Court;

   (3) The United States Marshals Service shall dispose of the remaining portion of the defendant currency and the defendant vehicle in accordance with law.

(c) Upon the Court's approval and entry of this Stipulation, the parties shall file a Final Judgment and Decree of Forfeiture in the form attached hereto as Exhibit "A".

18. <u>Cooperation</u>.  The parties agree to prepare and execute all documents necessary to implement the terms of this Stipulation.

19. <u>Release and Hold Harmless</u>.

(a)  PRIETO and MEJIA respectively hereby fully and finally release, dismiss, and forever discharge the United States, the City and County of Honolulu, and each of their respective agencies, officers, agents, and employees, from any and all claims, causes of action, liens, lawsuits, liabilities, losses and damages, including attorney's fees, costs and expenses, of any kind and every nature whatsoever, regardless of legal theory, and however denominated, whether known or unknown, suspected or unsuspected, past or future, which MEJIA and PRIETO have asserted or could have asserted against the United States, the City and County of Honolulu, and each of their respective agencies, officers, agents, and employees, relating to or arising out of the facts set out in the Complaint, the seizure, arrest, detention, release and/or forfeiture of the defendant currency and defendant vehicle and/or this Stipulation.

(b)  MEJIA AND PRIETO agree to hold the United States, the City and County of Honolulu, and each of their respective agencies, officers, agents, and employees, harmless from any claims made by third parties based on the acts or omissions of MEJIA and PRIETO relating to or arising out of the facts set out in the Complaint, the seizure, arrest, detention, release and/or

forfeiture of the defendant currency and defendant vehicle, and/or this Stipulation.

20. *No Compulsion*. The parties represent that this Stipulation is entered into with knowledge of the events described herein. The parties further represent and acknowledge that this Stipulation is freely and voluntarily entered into without any degree of duress or compulsion whatsoever, in order to avoid the cost, delay and uncertainties of litigating this action.

21. *Costs*. The parties each agree to bear their own costs, expenses, and attorney's fees incurred in connection with this action, including the preparation and performance of this Stipulation.

22. *Modification*. This Stipulation shall not be altered, amended, modified, or otherwise changed, in any respect whatsoever, except by writing duly executed by the parties hereto. Each of the parties hereto represents that it will make no claim at any time that this Stipulation has been orally altered or modified in any respect whatsoever.

23. *Counterparts*. This Stipulation may be signed in counterparts.

24. *Effective Date*. This Stipulation shall be effective upon approval by the Court. The parties understand and agree that, notwithstanding the entry of a final judgment, this

Court shall retain jurisdiction over the implementation of the terms and conditions of this Stipulation.

DATED: _____, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ _____
EDRIC M. CHING
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

APPROVED AS TO FORM
AND CONTENT:

_____          _____
WILLIAM FENTON SINK                JOSE PRIETO
Attorney for Claimant              Claimant
JOSE PRIETO

APPROVED AS TO FORM
AND CONTENT:

_____          _____
DAVID KLEIN                        JOSE MEJIA
Attorney for Claimant              Claimant
JOSE MEJIA

APPROVED AND SO ORDERED:

_____
JUDGE OF THE ABOVE-ENTITLED COURT

USA v. TWENTY FOUR THOUSAND THREE HUNDRED EIGHTY DOLLARS ($24,380.00) in United States Currency, et al.; Civ. No. 04-00227 HG LEK; "Stipulation for Compromise Settlement; Order; Exhibit "A"

8

Court shall retain jurisdiction over the implementation of the terms and conditions of this Stipulation.

DATED: _____, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By_____
  EDRIC M. CHING
  Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

APPROVED AS TO FORM
AND CONTENT:

_____      _____
WILLIAM FENTON SINK                 JOSE PRIETO
Attorney for Claimant                Claimant
JOSE PRIETO

APPROVED AS TO FORM
AND CONTENT:

_____      _____
DAVID KLEIN                          JOSE MEJIA
Attorney for Claimant                Claimant
JOSE MEJIA

APPROVED AND SO ORDERED:

_____
JUDGE OF THE ABOVE-ENTITLED COURT

USA v. TWENTY FOUR THOUSAND THREE HUNDRED EIGHTY DOLLARS ($24,380.00) in United States Currency, et al.; Civ. No. 04-00227 HG LEK; "Stipulation for Compromise Settlement; Order; Exhibit "A"

Court shall retain jurisdiction over the implementation of the terms and conditions of this Stipulation.

DATED: _Sept 14, 2007_, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By_____
  EDRIC M. CHING
  Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

APPROVED AS TO FORM
AND CONTENT:

_____          _____
WILLIAM FENTON SINK                        JOSE PRIETO
Attorney for Claimant                      Claimant
JOSE PRIETO

APPROVED AS TO FORM
AND CONTENT:

_____          _/s/ Jose Mejia_____
DAVID KLEIN                                JOSE MEJIA
Attorney for Claimant                      Claimant
JOSE MEJIA

APPROVED AND SO ORDERED:

_/s/_____
JUDGE OF THE ABOVE-ENTITLED COURT

USA v. TWENTY FOUR THOUSAND THREE HUNDRED EIGHTY DOLLARS ($24,380.00) in United States Currency, et al.; Civ. No. 04-00227 HG LEK; "Stipulation for Compromise Settlement; Order; Exhibit "A"

8